UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YULY KROYTOR,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:03-cr-0379 JAM CKD P<br><br><br>ORDER |

Petitioner, through counsel, has filed a motion for writ of error coram nobis seeking to vacate his felony conviction for health care fraud based on affirmative misrepresentations from his sentencing counsel concerning the immigration consequences of his conviction. ECF No. 37. On November 17, 2017 this matter came before the undersigned for a status conference requested by petitioner in light of a pending immigration hearing. Petitioner was represented by John Littrell and respondent was represented by Assistant United States Attorney Matthew Morris.

For good cause shown, the court hereby orders limited discovery of the ineffective assistance of counsel allegations raised in the petition. See Bracy v. Gramley, 520 U.S. 899, 908-09 (1997); Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 6(a). Following the district court's example in United States v. Rodriguez-Vega, 797 F.3d 781, 791 (9th Cir. 2015), wherein the court ordered the record expanded by directing the government to file a declaration from former defense counsel, the court here will set a brief discovery period

1

to allow the government to obtain declarations relevant to the allegations in the coram nobis petition. The parties are ordered to meet and confer pursuant to Local Rule 251(b) concerning the scope of the attorney-client waiver necessary to obtain declarations from petitioner's prior counsel. See Bittaker v.Woodford, 331 F.3d 715, 721-24 (9th Cir. 2003). Petitioner is ordered to sign an attorney-client waiver limited to the allegations raised in his petition. Id. Should the parties disagree as to the scope of any necessary waiver or to which attorney(s) the waiver applies, they may request an informal telephonic conference with the undersigned to resolve the discovery dispute.

Additionally, the parties are ordered to submit supplemental briefs following the close of the discovery period focusing on the following issues: 1) whether petitioner's collateral attack waiver in his plea agreement bars relief; 2) whether a valid reason exists for not attacking petitioner's conviction earlier; and, 3) even if coram nobis relief is available, whether vacating petitioner's conviction and allowing him to withdraw his guilty plea is the proper remedy for the allegations in the petition. See Hirabayashi v. United States, 828 F.2d 591 (9th Cir. 1987).

IT IS HEREBY ORDERED that:

1. The parties may conduct discovery until March 26, 2018. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date;
2. Petitioner shall file a supplemental brief on the allegations raised in the coram nobis petition with particular attention to the issues identified herein no later than April 25, 2018;
3. Respondent shall file a supplemental brief in opposition no later than May 25, 2018;
4. Petitioner may file a supplemental reply brief within 14 days of service of the respondent's brief; and,

/////
/////
/////

5. The matter will be deemed submitted on the merits at the conclusion of the briefing schedule.

Dated: November 20, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kroy0379.dso.docx