UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YULY KROYTOR,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 2:03-cr-00379-JAM-CKD<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

### I.   Factual and Procedural History

Petitioner has been living in the United States since 1995 as a lawful permanent resident (LPR). <u>See</u> ECF No. 78-2 (Petitioner's Declaration). He pled guilty to aiding and abetting health care fraud on September 24, 2003. ECF No. 7-8. Petitioner completed his sentence, including the payment of restitution and probation, and was placed in immigration removal proceedings in February 2008 based on his felony conviction sustained in this court. <u>See</u> ECF No 37 at 13, 14.

While seeking to challenge his deportation, petitioner received bad legal advice from a string of immigration attorneys that he hired to represent him in immigration court. Based on advice from his third immigration attorney in 2014, petitioner learned that his conviction "is an aggravated felony which makes [him] ineligible for any defense to removal that might otherwise apply…." ECF No. 78-2 at 7.

Eventually, on May 9, 2016, petitioner filed a coram nobis petition seeking to vacate his

felony conviction based on counsel's affirmative misrepresentation about the immigration consequences of his fraud conviction after he pled guilty but before he was sentenced. See ECF No. 37 (hereinafter referred to as "Kroytor I"). In that coram nobis petition, this court highlighted the fact that petitioner was "not challenging the validity of his guilty plea nor the effectiveness of the lawyer who represented him during plea proceedings…." ECF No. 61 at 2; see also ECF No. 37 at 19 (coram nobis petition). On June 20, 2019, petitioner's motion for a writ of error coram nobis was denied by this court. ECF No. 66. This court found that "the poor advice from petitioner's immigration lawyers from 2008 until 2014 and the lack of clarity in the law were not valid reasons for filing his coram nobis petition earlier. ECF No. 61 at 9-10.

Petitioner appealed the denial of his first coram nobis petition to the Ninth Circuit Court of Appeals. On October 14, 2020, the Ninth Circuit concluded that petitioner's uncertainty in the law between 2014 and 2016 did not excuse his delay in filing for coram nobis relief. United States v. Kroytor, 977 F.3d 957 (9th Cir. 2020). As a result, it affirmed the denial of his coram nobis petition.[1] Id.

A year after the decision by the Ninth Circuit, petitioner filed a second coram nobis petition challenging the validity of his guilty plea and the effectiveness of the lawyer who advised him to plead guilty. ECF No. 78. Plea counsel's "advice that Mr. Kroytor would not suffer serious immigration consequences constitutes affirmative misadvice." ECF No. 78 at 17. Perhaps in recognition of the difficulty in obtaining relief based on the finding of unreasonable delay between 2014 and 2016, petitioner also challenges his post-conviction counsel's effectiveness in waiting to file the first coram nobis petition. ECF No. 78 at 11-12. Petitioner now contends that "[h]ad [coram nobis counsel] not unreasonably delayed from 2014 to 2016, and had he raised all claims of error, it is reasonably probable that [he] would have been granted coram nobis relief." ECF No. 78 at 11-12.

/////

---

[1] The Ninth Circuit emphasized that it was expressing "no opinion about whether [petitioner] could seek relief based on the representation he received from any other attorney" besides his post-plea counsel. See United States v. Kroytor, 977 F.3d 957, 963 n. 4 (9th Cir. 2020).

2

## II.    Motion to Dismiss

Respondent filed a motion to dismiss the pending coram nobis petition on two separate grounds. ECF No. 86. First, respondent asserts that petitioner waived his right to collaterally attack his conviction as part of his plea agreement. Second, relief is barred by the equitable defense of laches. "[T]he defendant's inexcusable delay from the time that he "knew" his conviction was a problem has caused the spoliation of evidence, the death of witnesses, and likely failure of witnesses' memories." ECF No. 86 at 9. Respondent specifically argues it is prejudiced in its ability to respond to the pending coram nobis petition based on the death of petitioner's plea counsel, Mr. Graysen, in 2010. ECF No. 86 at 7. According to respondent, "[i]t appears that Graysen's [legal] files might have been in existence until at least 2011." ECF No. 86 at 8. "The government will never know whether Graysen's files provide information relevant to the [coram nobis] petition, because the defendant sat on this claim instead of diligently pursuing it." Id. Moreover, petitioner's first coram nobis attorney, Mr. Blackmon, is also deceased and can shed no light on the pending allegation that he was ineffective in waiting almost two years to file the first coram nobis petition. ECF No. 86 at 8.[2] Respondent also asserts that it has been prejudiced in its ability to try the criminal case because necessary evidence has been destroyed in the 19 year delay in this case. ECF No. 86 at 8-9. According to respondent, there is "a substantial likelihood that the bank records will never be recovered, because the records are now far older than the mandatory document retention age." ECF No. 86 at 9. Moreover, the memories of the patients and doctors who were interviewed by fraud investigators in this case would have necessarily faded even if these witnesses are not deceased. Id.

In opposition to the motion to dismiss, petitioner asserts that the collateral attack waiver is not enforceable because his guilty plea was involuntary. ECF No. 89. With respect to the defense of laches, petitioner insists that there must be "'consideration of the circumstances of each particular case and a balancing of the interests and equities of the parties.'" ECF No. 89 at

---

[2] To the extent that respondent argues that the death of Quin Denvir is another example of prejudice that it has suffered, the undersigned finds this argument unpersuasive. An isolated reference on the docket to Mr. Denvir's presence is buttressed by petitioner's affidavit indicating that he was represented by Brad Weston during the plea hearing. ECF No. 37-1 at 4.

28 (quoting Tillamook Country Smoker, Inc. v. Tillamook County Creamery Ass'n, 311 F. Supp. 2d 1023 (D. Oregon 2004)). Rather than address the specific evidentiary prejudice to the government, petitioner argues that Mr. Kroytor's interests are paramount because he would suffer devastating immigration consequences if his conviction is not vacated. ECF No. 89 at 28-29.

### III.    Legal Standards

"A district court is free at any time to apply laches to a coram nobis petition, if the petitioner inexcusably delays in asserting his claims and the government is prejudiced by the delay." Telink, Inc. v. United States, 24 F.3d 42, 47 (9th Cir. 1994). The equitable doctrine of laches is a "supplemental defense that the government may invoke when a petitioner seeks coram nobis relief." United States v. Riedl, 496 F.3d 1003, 1006 (9th Cir. 2007). Once the government makes a prima facie showing of prejudice resulting from the delay, the burden shifts to petitioner "to show either that the government actually was not prejudiced or that the petitioner exercised reasonable diligence in filing the claim." Id. at 1008. In applying the defense of laches, the Ninth Circuit has emphasized that petitioner must be "reasonably diligent" in pursuing relief. Telink, 24 F.3d at 47. "In requiring reasonable diligence at all times, our holding ensures a petitioner will not use an analogous limitations period as a safe haven for prejudicing the government, willfully delaying the assertion of his or her rights and then raising the claim after the inexcusable delay has impaired the government's ability to respond to the allegations or to proceed to retrial." Id.

### IV.    Analysis

In Kroytor I, this court found it unnecessary to rule on respondent's assertion of laches because it denied relief on the merits of the coram nobis petition. See ECF No. 61 at 10 (stating that "[b]ecause the court has determined that petitioner has not demonstrated valid reasons for not challenging his conviction earlier, the respondent's defense of laches is moot."). Id. On appeal, the Ninth Circuit also found it unnecessary to address the specific question of laches. Moreover, the court of appeals' finding that petitioner unreasonably delayed between 2014 and 2016 is not dispositive of the issue of laches because it is not coterminous with petitioner's burden of demonstrating valid reasons for his delay in filing for coram nobis relief. See United States v. Riedl, 496 F.3d 1003, 1006 (9th Cir. 2007) (holding that "laches… does not supplant or restate

the second Hirabayashi requirement, but rather constitutes a supplemental defense that the government may invoke when a petitioner seeks coram nobis relief."). Therefore, this court will address the supplemental defense of laches at this juncture based on the burden shifting framework announced in Telink.

Turning first to the issue of prejudice to the government, the undersigned finds that respondent has made a prima facie showing of prejudice resulting from the delay based on the death of the attorneys whose conduct is being challenged as well as the destruction of evidence connected to the underlying criminal charge. See Rodriguez-Lugo v. United States, 458 Fed. Appx. 688 (9th Cir. 2011)(unpub.) (affirming denial of coram nobis petition based on laches where the record was no longer available to the government to rebut the claims); see also United States v. Madrigal-Maya, No. 92–MJ–8003–(PCL)–3, 2013 WL 1289265, at *3 (S.D. Cal. Mar. 25, 2013) (finding that the government was "undoubtedly prejudiced" by a twenty-year delay between the filing of petitioner's coram nobis petition and the original criminal conviction).

Because respondent has met its burden of showing prejudice by the delay, the burden shifts to petitioner to show that he exercised reasonable diligence in seeking coram nobis relief. Riedl, 496 F.3d at 1008. The instant coram nobis petition was filed over 16 years after petitioner's conviction became final. Compare ECF No. 25 (Judgment and Commitment issued on February 18, 2005) with ECF No. 78 (Coram Nobis Petition filed on October 13, 2021). Petitioner must demonstrate that he was acting reasonably diligent during this entire time period. See Telink, 24 F.3d at 47.

Although petitioner asks this court to reconsider its prior finding that there was no valid reason for his delay between 2007 and 2014, petitioner miscomprehends the court's analysis in its April 4, 2019, Findings and Recommendations. ECF No. 61 at 9-10. The court does not dispute that petitioner's immigration lawyers gave him incorrect advice with respect to how to proceed in immigration court after being served with a Notice to Appear in 2008. However, petitioner has never claimed that any lawyer misadvised him about the availability of collaterally attacking his criminal conviction in this court. Compare ECF No. 37-1 at 6-8 (Petitioner's declaration); and ECF No. 78-2 at 7 (Petitioner's declaration discussing advice from various immigration lawyers)

5

with United States v. Kwan, 407 F.3d 1005, 1013 (9th Cir. 2005) (emphasizing that Kwan's immigration attorney advised him *not to file for habeas relief* but to instead "challenge the INS's determination that Kwan's conviction was an aggravated felony….") (emphasis added). Simply put, there was nothing preventing petitioner from pursuing relief from the immigration court at the same time that petitioner pursued relief from this court. Indeed, even after being told by an immigration lawyer in early 2014 that the only way to avoid deportation was to get his conviction set aside, petitioner waited months before hiring a lawyer to challenge his conviction. ECF No. 37-1 at 8. In these intervening months, however, petitioner continued to pursue his non-existent immigration remedies by hiring another immigration attorney. ECF No. 37-1 at 8 (explaining that he hired Stacy Tolchin in March 2014). There is no basis in the record to find that petitioner was reasonably diligent during this time period and, it readily distinguishes this case from Kwan.

A review of the docket of petitioner's criminal case further demonstrates his lack of reasonable diligence. Petitioner's post-plea counsel filed a motion in this court in 2012 to amend the amount of restitution reflected in petitioner's Judgment and Commitment Order. ECF No. 27. Therefore, petitioner was aware that it was still possible to seek relief from the sentencing court as late as 2012. See ECF No. 32 (Order Amending the Judgment). However, petitioner did not file his first coram nobis petition until 2016. Following denial of relief and an appeal, petitioner waited another year before filing his second coram nobis petition in 2020. Based on this record, the undersigned finds that petitioner was not reasonably diligent in waiting until 2020 to collaterally challenge his plea counsel's representation in this court by filing the pending coram nobis petition. See United States v. Nyhuis, 40 Fed. Appx. 80, 81 (6th Cir. 2002) (unpub.) (finding delay of 10 years did not constitute reasonable diligence and concluding coram nobis relief barred by laches); United States v. Indelicato, 2015 WL 51385 65 *5 (N.D. Cal. Sept. 1, 2015) (emphasizing that petitioner "cannot simply rely on bad advice of counsel in excusing his delay; he had to exercise due diligence."). For all these reasons, the undersigned finds that the pending coram nobis petition is barred by laches.[3]

---

[3] In the interests of judicial economy, the undersigned finds it unnecessary to address the additional argument raised in respondent's motion to dismiss that petitioner waived his right to

6

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 86) be granted.
2. Petitioner's application for a writ of error coram nobis (ECF No. 78) be denied as barred by laches.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/kroy0379.CoramNobis(2)

---

collaterally attack his conviction as part of his plea agreement.

7